UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br>SAUD A. ALESSA, *et al.*,<br><br>    Defendants. | Case No. 3:19-cr-00010-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

Defendant Jeffrey Bowen and his co-defendants are charged with one count of conspiracy to defraud the United States. (ECF No. 1 at 6-13.)  Before the Court is Bowen's motion to sever ("Motion").[1] (ECF No. 70.)[2] Bowen has not satisfied Rule 14's high standard of prejudice, and any prejudice would be addressed with proper instructions to ensure the jury is able to compartmentalize evidence against each defendant. Accordingly, and as further explained below, the Court denies the Motion.

**II.   BACKGROUND**

The Indictment contains the conspiracy to defraud the United States in Count One against Bowen and his two co-defendants, Saud A. Alessa and Jackie Hayes. (ECF No. 1 at 6-13.) As relevant to the Motion, the Indictment alleges as the object of the conspiracy an agreement to defraud the United States for the purpose of obstruction of the computation and collection of Alessa's individual income taxes before 2010 and up to at least before March 2014. (*Id.* at 6.) The Court incorporates by reference the additional

---

[1]Bowen's co-defendants moved to join (ECF No.72), and the Court granted their motion (ECF No. 106).

[2]The Court has reviewed the government's response (ECF No. 82) and Bowen's reply (ECF No. 100).

background facts discussed in the order resolving two of Alessa's motions. (ECF No. 114 at 2-5.)

## III. DISCUSSION

Bowen's Motion asserts five general types of prejudice that may present in a joint trial without articulating how the risks of such prejudice may particularly be implicated here. (ECF No. 70 at 1-4.) The government in gist responds that because the charged conspiracy alleges that each defendant had a different role and committed different acts in furtherance of the conspiracy, a joint trial would not pose the types of prejudice that warrant severance. (ECF No. 82 at 4-13.) The Court agrees with the government.

Rule 14 permits the Court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The rule "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. U.S.*, 506 U.S. 534, 538-39 (1993). "Rule 14 sets a high standard for a showing of prejudice." *U.S. v. Vasquez-Velasco,* 15 F.3d 833, 846 (9th Cir. 1994). Defendant has not satisfied this high standard.

"In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized." *Id.* at 846. Similarly, "[i]n assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether the 'jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence.'" *U.S. v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (quoting *U.S. v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980)).

Here, the evidence relating to each defendant may be compartmentalized given the allegations of each defendant's specific role and specific acts, and limiting jury instructions may cure any "spillover" evidence and render such evidence non-prejudicial even where the case may be complex. *See U.S. v. Johnson*, 297 F.3d 845, 856-60 (9th Cir. 2002)

(affirming trial court's decisions to deny severance requests and finding that any "spillover" evidence was sufficiently addressed through limiting jury instructions during the lengthy and complex trials). For example, the government would have to present evidence of each defendant's alleged involvement in the conspiracy. The jury will be instructed as to the elements of a conspiracy and proof necessary to find that each defendant "became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it." *See* Ninth Cir. Model Crim. Jury Instr. § 8.21 (2015). As the government points out, the jury will also be instructed to consider evidence against each defendant and weigh each defendant's guilt separately. (ECF No. 82 at 11.)

Bowen also generally asserts that a joint trial will implicate the Confrontation Clause and present a problem under *Bruton v. United States*, 391 U.S. 123 (1968).[3] (ECF No. 70 at 4-5.) The government counters that even if the statements its intends to offer at trial as identified in its Notice of Intent to Introduce Coconspirator Statements (ECF No. 68 at 22-24) are testimonial, which the government contends they are not, Bowen has not identified any co-defendant statement that incriminates him (ECF No. 82 at 7). Bowen concedes

---

[3]The Supreme Court in *Bruton* established the rule that the Confrontation Clause forbids the prosecution from introducing a non-testifying defendant's confession implicating the other defendant in the crime. In *Bruton*, the government introduced the non-testifying co-defendant's confession, which stated that he and defendant committed the robbery, but the trial court instructed the jury to consider the confession as evidence only against the co-defendant. *See* 391 U.S. at 124. The Supreme Court found that despite the limiting instruction, the introduction of such confession violated defendant's Sixth Amendment right to cross-examine witnesses. *See id.* at 137. The Supreme Court subsequently limited the *Bruton* rule to confessions of a non-testifying co-defendant that are facially incriminating of another defendant and established the level of redactions sufficient to alleviate Confrontation Clause concerns. *See Richardson v. Marsh*, 481 U.S. 200 (1987). In *Richardson*, the Supreme Court held that the Confrontation Clause is not violated by the introduction of a non-testifying co-defendant's confession that is redacted to eliminate the name and any other reference to the defendant's existence and did not indicate that the confession had been redacted. *See id.* at 211. In *Gray v. Maryland*, 523 U.S. 185 (1997), the Supreme Court held that where the confession referred to and directly implicated another defendant, redactions that "simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration" are insufficient under the *Bruton* rule. The Supreme Court concluded that the redactions in *Richardson* were sufficient because the redacted statements did not refer directly to defendant and became "incriminating 'only when linked with the evidence introduced later at trial.'" *Id.* at 196 (quoting *Richardson*, 481 U.S. at 208).

this point in his reply. (ECF No. 100 at 5.) Accordingly, Bowen's reliance on *Bruton* and its progeny rings hollow and cannot serve as a basis for severance under Rule 14.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant Jeffrey Bowen's motion to sever (ECF No. 70) is denied.

DATED THIS 28th day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE